UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lemar Gant,<br>    Petitioner<br>v.<br>Brian Williams, et al.,<br>    Respondents | 2:16-cv-00528-JAD-NJK<br>**Order Dismissing and Consolidating Petition Grounds**<br>[ECF Nos. 8, 15] |

Pro se Nevada state prisoner Lemar Gant petitions for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2012 state-court conviction for possession of a firearm by an ex felon, in which he was deemed a habitual criminal and sentenced to 8–20 years in prison. The government moves to dismiss a handful of Gant's grounds[1] and for relief from Local Rule 10-3(e)'s cover-page-description requirement for exhibits.[2] I grant both motions, dismiss several grounds, consolidate others, and give the government 30 days to answer the surviving grounds.

**Procedural Background**

A jury convicted Gant of possession of a firearm by an ex-felon, and the state district court adjudicated Gant a habitual criminal and sentenced him to 8–20 years in prison.[3] Gant appealed and the Nevada Supreme Court affirmed his conviction and sentence.[4] Remittitur issued on October 17, 2013.[5] On March 21, 2014, Gant filed a post-conviction habeas petition in the state district court.[6] Counsel was appointed, and on October 28, 2014, counsel filed a supplemental brief in support of

---

[1] ECF No. 8.

[2] ECF No. 15.

[3] *Id.*

[4] Exhibit No. 55.

[5] Exhibit No. 56.

[6] Exhibit No. 60.

the petition.[7] After an evidentiary hearing,[8] the state district court denied the petition.[9] Gant appealed,[10] the Nevada Court of Appeals affirmed the denial,[11] and on December 16, 2015, remittitur issued.[12] Gant filed this federal habeas petition on March 4, 2016, asserting ten grounds for relief.[13] Respondents move to dismiss certain grounds of the petition and for waiver of compliance of Local Rule IA 10-3(e).[14]

## Discussion

**A.    Respondents' motion for waiver of compliance with Local Rule 10-3(e) is granted.**

On November 3, 2016, respondents filed 92 exhibits comprising the state court record in support of the pending motion to dismiss[15] and moved to waive their obligations under Local Rule IA 10-3(e), which requires the cover page of each exhibit to include a description of the exhibit.[16] Local Rule IA 1-4 permits me to waive any of the local rules if the interests of justice so require. Respondents argue that adding descriptors to the cover page of each exhibit is unduly burdensome given the large number of exhibits filed in this case and instead filed an index of exhibits and included a cover sheet with each exhibit, referencing the exhibit by number. I find that the interests of justice are best served by relieving the respondents of their duty under Local Rule IA 10-3(e) to ensure that the cover page of each exhibit includes a description of the exhibit.

---

[7] Exhibit No. 66.

[8] Exhibit No. 71.

[9] Exhibit No. 81.

[10] Exhibit No. 75.

[11] Exhibit No. 91.

[12] Exhibit No. 92.

[13] ECF No. 5.

[14] ECF Nos. 8, 15.

[15] ECF Nos. 9–14.

[16] ECF No. 15.

**B. Respondent's motion to dismiss Grounds 1, 6, and 7 is granted. Grounds 3, 5, and 10; 2 and 9; and 4 and 8 are consolidated.**

**1. Ground 1 is dismissed.**

Respondents argue that Ground 1 of the petition is unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court.[17] In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.[18] Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.[19] The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[20]

In Ground 1 of his federal petition, Gant claims that his trial counsel was ineffective for failing to investigate the state's witness, Officer Denton, before trial.[21] Gant raised this claim in his post-conviction habeas petition filed in the state district court.[22] However, the issue was not raised on appeal after his petition was denied.[23]

In his opposition, Gant contends that his failure to exhaust Ground 1 should be excused based on the ineffective assistance of his state post-conviction counsel under the Supreme Court's decision

---

[17] *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[18] *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).

[19] *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[20] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[21] ECF No. 5 at 3–6.

[22] Exhibit No. 62 at 5–15.

[23] Exhibit No. 87.

in *Martinez v. Ryan*.[24] Gant appears to concede anticipatory default of Ground 1, but asserts that he can overcome anticipatory default of Ground 1 because his state post-conviction counsel was ineffective.[25] In *Martinez*, the Supreme Court created a limited equitable exception to the procedural-default rule, stating that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[26] In order to show ineffective assistance of post-conviction counsel under *Martinez*, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*.[27] This means that the petitioner must demonstrate that state post-conviction counsel's failure to raise the underlying ineffective assistance of counsel claim was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that the error resulted in prejudice.[28]

*Martinez* offers Gant no relief here. He raised his claim in the state district court[29] and the only reason it is unexhausted or procedurally defaulted now is that post-conviction *appellate* counsel failed to raise the claim on appeal from the denial of his petition.[30] The Supreme Court in *Martinez* made it clear that its rule "does not concern attorney errors in other kinds of proceedings, including *appeals* from initial-review collateral proceedings . . . ."[31] Thus, ineffectiveness of post-conviction *appellate* counsel can not excuse Gant's anticipatory procedural default of Ground 1. Ground 1 is unexhausted and is dismissed.

---

[24] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

[25] ECF No. 16 at 2–6.

[26] *Martinez*, 132 S.Ct. at 1315.

[27] *Strickland v. Washington*, 446 U.S. 668 (1984).

[28] *Id.* at 687.

[29] Exhibit No. 62 at 5–15.

[30] Exhibit No. 87.

[31] *Martinez*, 132 S.Ct. at 1320 (emphasis added).

**2.     Grounds 6 and 7 are dismissed.**

In Ground 6 of the federal petition, Gant alleges that his Fourth Amendment rights were violated by a pretextual stop and search.[32] In Ground 7, Gant alleges that his Fourth Amendment rights were violated when the trial court denied his subsequent motion to suppress evidence.[33]

When a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[34] The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review creates no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration."[35]

It is clear from the record that Gant was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts.[36] He filed a motion to suppress evidence and the state district court denied the motion.[37] He then raised the issue on direct appeal, where it was addressed by the Nevada Supreme Court.[38] Fourth Amendment claims raised in the federal habeas petition were exhaustively litigated in the state courts. Because Gant had the opportunity to fully and fairly litigate the Fourth Amendment claims that he now presents in his federal habeas petition, I am

---

[32] ECF No. 5 at 32–35.

[33] *Id.* at 37–41.

[34] *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446–47 (1986).

[35] *Kuhlmann,* 477 U.S. at 447.

[36] *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981).

[37] Exhibit Nos. 15–18.

[38] Exhibit Nos. 52–55.

precluded from reviewing them. Grounds 6 and 7 are dismissed.

    **3.    Grounds 3, 5, and 10; 2 and 9; and 4 and 8 are consolidated.**

Respondents argue that Grounds 3, 5, and 10 of the petition allege that trial counsel was ineffective for failing to discover that Matthew Merry intended to offer false testimony because counsel should have known not to call him as a witness.[39] All three of these grounds allege a violation of the same Sixth Amendment right to effective assistance of counsel, all challenge the same conduct of defense counsel, and the prejudice analysis is the same for all three claims.

Further, in Ground 2 of the federal petition, Gant alleges that trial counsel was ineffective for preventing him from testifying in his own defense at trial.[40] In Ground 9, Gant alleges that the state district court erred by denying this claim in his state petition.[41] These grounds present the same claim for relief in the context of federal habeas review.[42]

Likewise, in Ground 4 of the petition, Gant claims that trial counsel was ineffective for failing to obtain DNA testing or hire a DNA expert to testify at trial.[43] In Ground 8, Gant claims that the state district court erred by denying this claim in his state petition.[44] These grounds present the same claim for relief in the context of federal habeas review.[45]

Gant concedes that Grounds 3, 5, and 10 are redundant, that Grounds 2 and 9 are redundant, and that Grounds 4 and 8 are redundant, but he asks that the factual allegations related to each claim be considered.[46] I will consolidate the redundant claims so that respondents will not have to answer

---

[39] ECF No. 5 at 14–19, 28–30, 52–53.

[40] ECF No. 5 at 8–12.

[41] *Id.* at 47–50.

[42] *See* 28 U.S.C. § 2254(d)(1).

[43] ECF No. 5 at 21–26.

[44] *Id.* at 43–45.

[45] *See* 28 U.S.C. § 2254(d)(1).

[46] ECF No. 16 at 5–6.

the claims multiple times.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to waive Local Rule IA 10-3(e) **[ECF No. 15] is GRANTED**

IT IS FURTHER ORDERED that respondents' motion to dismiss **[ECF No. 8] is GRANTED. Grounds 1, 6, and 7 of the federal petition are DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that **Grounds 3, 5, and 10 of the federal petition are consolidated. Grounds 2 and 9 of the federal petition are consolidated. Grounds 4 and 8 of the petition are consolidated.**

IT IS FURTHER ORDERED that **respondents have until August 12, 2017, to FILE AN ANSWER to the surviving grounds of the federal petition.** The answer must include substantive arguments on the merits of each claim in the petition. **No further motions to dismiss will be entertained**. In filing the answer, respondents must comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that **Gant must file his reply to the answer, if any, no later than thirty days after being served with the answer.**

Dated this 12th day of July, 2017.

_____
Jennifer A. Dorsey
United States District Judge